## D. C. NOBLE v. GEORGE WILDER.

### Decided February 23, 1901.

**1.—Contract of Lease—Measure of Damages for Breach.**

In an action to recover damages for breach, on the part of defendant, of a contract to sublet and surrender a storehouse to plaintiff, in consideration of $250 cash paid, and not to do business therein during a specified year, and the damages for a breach thereof were not fixed by the contract or otherwise liquidated by the parties, the amount thereof should have been left to the jury, and it was error for the court's charge to fix, absolutely, the agreed lease price of $250 as the measure of damages for defendant's failure to surrender possession of the house to plaintiff.

**2.—Same—Consequential Damages.**

For breach of that part of the contract by which defendant agreed that he would not continue to carry on the business of selling groceries in the leased storehouse during the year specified, the measure of plaintiff's damages was the loss he sustained by reason thereof, and not the profits made by the defendant in so carrying on the business.

Appeal from the County Court of Parker. Tried below before Hon. D. M. Alexander.

*Martin & Martin* and *G. A. McCall,* for appellant.

*J. M. Richards* and *Bidwell & Stennis,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—We adopt the statement of this case made by the county judge in his charge to the jury, which is as follows:

"In this case the plaintiff, George Wilder, sues the defendant, D. C. Noble, alleging that he paid to defendant the sum of $250, in consideration of the transfer and relinquishment to him of all of defendant's right and interest in the lease of a certain store building for the year 1900, which contract he alleges was approved or acquiesced in by the owner of the building, W. R. Woodhouse. Plaintiff further alleges that defendant has breached his contract, whereby he has been damaged in the sum of $250. He further alleges that defendant agreed, in consideration for said $250, that he would not sell groceries in said building during the year 1900, and alleges that in violation of said contract defendant, on or about February 26, 1900, took possession of said building, and has since said time been selling groceries in said buildings and drawn plaintiff's trade, whereby he has been damaged $100 per month, aggregating $500.

"Defendant denies plaintiff's allegations, and alleges that if plaintiff ever had any right to said house, he voluntarily abandoned it, and, further, that if plaintiff ever had any lease to said house, said building was destroyed by fire on January 7, 1900, whereby said lease contract was terminated."

The evidence tended to establish the contract as alleged by the appellee, and the breach thereof, and the evidence of the amount of damages was conflicting and uncertain, but uncontradicted as to the amount paid to Noble by Wilder as a consideration for the agreement to vacate the premises and for a transfer of the lease thereon.

Verdict and judgment went for the plaintiff below, and the defendant has appealed to this court.

On the trial the court charged the jury as follows: "(3) Now if you believe and find from the evidence that defendant, or defendant with others, had a lease on the building in controversy for the year 1900, and that in consideration of the payment by plaintiff of $250 for himself and others he relinquished his claim and interest in said lease contract and agreed to surrender possession of said building to plaintiff Wilder for the year 1900, which subletting was agreed to or acquiesced in by W. R. Woodhouse, the owner of the building, and you further find from the evidence that defendant Noble has breached said contract, and in violation thereof assumed possession and control of said building, you will find for plaintiff, as damages, the sum of $250, upon this phase of the case, unless you should further find from the evidence that plaintiff had abandoned his claim or interest in said building; and in this connection you are charged that plaintiff would not, of necessity, have to occupy said building as a grocery store, but such abandonment must have been an abandonment of all plaintiff Wilder's claim to the lease of said building. Should you find from the evidence that plaintiff Wilder had so abandoned his claim to the said lease contract, and had no intention of further using or claiming said house for the year 1900, then, in that event, you will find for defendant Noble.

"(4) Should you further find from the evidence that at the time of making said contract with Wilder (if you find such contract existed),

Noble agreed, as part of the consideration for said $250, that he would not resume business in said house during the year 1900, and you further find that Noble violated said contract and resumed business in said building, then you will find for plaintiff, as additional damages, such amount as the evidence may show defendant Noble has received as profits, if any, since February 26, 1900, not to exceed the amount sought to be so recovered."

Error is assigned to paragraph 3 of said charge, and we think it must be sustained. The action is one to recover damages for the breach of a contract on the part of Noble to surrender the storehouse and premises to Wilder, and not to do business therein during the year 1900, and the amount of damages was not agreed upon or otherwise liquidated by the parties in the contract or otherwise; hence, the amount thereof should have been left to the jury under the allegations and evidence.

The fourth paragraph is erroneous (though no error is assigned thereon) in fixing the amount of consequential damages which might be recovered by Wilder at the amount of the profits Noble made in the business he carried on in the house during the year 1900. We think, on this phase of the case, the damages, if any, would be the loss sustained by Wilder, not the profits made by Noble.

For the error in the third paragraph of the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*